FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 27, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>ABDIRAHMAN AHMED HASSAN,<br><br>                    Defendant. | No.   4-18-cr-06014-SMJ<br><br>**ORDER DISMISSING DEFENDANT'S CONSTRUED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE WITHOUT PREJUDICE** |

Before the Court is a seven-page document submitted by Defendant Abdirahman Ahmed Hassan, proceeding *pro se*, ECF No. 160. Defendant's submission is captioned as an "Ex Parte Motion for (Expedited) Declaratory and Injunctive Relief," as well as a "Motion for Subpoena (Duces Tecum); and Judicial Notice on Adjudicative Facts." ECF No. 160 at 1. The submission seeks a range of relief including leave to proceed *in forma pauperis*, a writ of mandamus, injunctive relief prohibiting Defendant's deportation, issuance of several subpoenas *duces tecum*, a declaratory judgment that Defendant is a U.S. resident alien, the re-opening of a prior civil lawsuit to which Defendant was a party, a new trial in the above-captioned matter, and an order vacating or correcting Defendant's sentence. *See generally* ECF No. 160. Defendant also requests the Court take judicial notice of

facts concerning the manner in which he came to live in this country, as well as the later criminal investigation and trial in this matter. *See id.* at 3–5.

The focus of Defendant's filing appears to be that he was vindictively prosecuted by the government after bringing at least one civil lawsuit against the U.S. Bureau of Immigration and Customs Enforcement; that his constitutional rights were violated in a number of ways during the investigation, prosecution, and jury trial in this matter, and that the sentence the Court ultimately imposed was unlawful. *See id*. As a result of these alleged infringements of his rights, Defendant appears to seek relief from his sentence as well as injunctive relief against whatever immigration consequences may flow from his conviction. *Id.* at 1–2, 6. Though Defendant refers to the Administrative Procedures Act and Federal Rule of Civil Procedure 65—legal provisions that are applicable to only civil litigation, and not criminal cases—he specifically mentions his pending "criminal" proceeding "within this Court" and, in his construed motion for entry of default judgment, identifies this case number as one to which his filing relates.[1] *See* ECF No. 160 at 4–5; ECF No. 164 at 1.

---

[1] Defendant also references his "appeal" and "civil actions." ECF No. 160 at 1. If Defendant intended for his filing to be submitted to the Ninth Circuit Court of Appeals, he should refile it through the Ninth Circuit Clerk's Office. It appears Defendant was a party to two civil lawsuits in this District, though both appear to have been dismissed. *See Hassan v. Lynch, et al.*, Case No. 4:16-cv-05113-EFS (E.D. Wash. 2016); *Hassan v. Duke, et al.*, Case No. 4:17-cv-05196-EFS (E.D. Wash. 2016). If Defendant intended for his filing to be submitted in either of those

ORDER DISMISSING DEFENDANT'S CONSTRUED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE WITHOUT PREJUDICE – 2

Given that Defendant's filing appears to center around alleged violations of his rights in connection with the criminal proceedings in this matter, and because the relief he requests appears closely related to his conviction, sentence, and the immigration consequences which may result from them, the Court construes the filing as a motion under 28 U.S.C. § 2255. That provision allows a prisoner incarcerated pursuant to the judgment of a federal court to move the sentencing court to vacate, set aside, or correct the sentence on the grounds that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). **If Defendant meant his submission to serve a different purpose, he must file the appropriate legal pleadings clearly indicating his intention. For example, if Defendant intended to file a separate civil lawsuit, he must file a civil complaint, consistent with the requirements of the Federal Rules of Civil Procedure,[2] in the district court with jurisdiction over the claims for which he seeks redress.**

---

two civil actions, he must refile his motion clearly identifying the case in which he wishes for it to be filed.

[2] Namely, any complaint Defendant files should include **only** "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that [he] is entitled to relief; and (3) a demand for

ORDER DISMISSING DEFENDANT'S CONSTRUED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE WITHOUT PREJUDICE – 3

After he was sentenced in this case, Defendant filed an appeal, which remains pending, of his conviction and the sentence this Court imposed. *See* ECF No. 149; *see also United States v. Hassan*, Case No. 20-30013 (9th Cir. 2020). A district court is generally prohibited from considering a motion under § 2255 while an appeal of the judgment subject to collateral attack is pending. *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir.1987) (citing *Black v. United States*, 269 F.2d 38, 41 (9th Cir. 1959) ("A district court should not entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court."); *see also* Rule 5, Rules Governing Section 2255 Proceedings, Advisory Committee Note ("[T]he courts have held that [a § 2255 motion] is inappropriate if the movant is simultaneously appealing the decision.").[3]

As such, because Defendant's appeal in this case has not yet been resolved by the Ninth Circuit, this Court is prohibited from considering the allegations in Defendant's construed § 2255 motion, and from granting the relief he appears to seek. If his direct appeal is successful, the relief he seeks in his construed motion

---

the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(1)–(3).

[3] Some district courts have held it may be appropriate to consider a § 2255 motion while an appeal is pending where "extraordinary circumstances" warrant. *See, e.g.*, *Thorson v. United States*, No. C18-136 RSM, 2018 WL 1737964, at *2 (W.D. Wash. Apr. 11, 2018). However, even if the Court adopted this approach, it finds nothing in Defendant's filing establishing "extraordinary circumstances" that would justify immediate consideration of Defendant's motion.

ORDER DISMISSING DEFENDANT'S CONSTRUED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE WITHOUT PREJUDICE – 4

will likely be rendered moot; if it is not Defendant may, if otherwise appropriate under the legal standards governing § 2255 motions, renew his arguments before this Court.[4] Furthermore, to the extent Defendant seeks relief in this matter other than that to which he may be entitled under § 2255, the Court likewise lacks jurisdiction over his request due to the pending appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

Lastly, insofar as the Court has jurisdiction to consider Defendant's request for a writ of mandamus, he has not demonstrated such extraordinary relief is appropriate. *See Will v. United States*, 389 U.S. 90, 107 (1967) (describing writ of mandamus as "among the most potent weapons in the judicial arsenal"). Three conditions must be satisfied before a writ of mandamus will issue: (1) the petitioner must have no other adequate means to attain the relief desired; (2) the petitioner

---

[4] Defendant filed a document the Court construes as a motion for entry of default judgment on his construed § 2255 motion, ECF No. 164. On receipt of a motion under § 2255, the Court must perform a preliminary review of the bases it sets forth and the relief it requests prior to ordering a response from the Government, where necessary. See 28 U.S.C. § 2255(b). The Court has not done so here, nor will it do so until Defendant's appeal is resolved. As such, the fact that the Government has not responded to Defendant's motion does not entitle him to any relief at this time, and the construed motion for entry of default judgment is **DENIED**.

ORDER DISMISSING DEFENDANT'S CONSTRUED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE WITHOUT PREJUDICE – 5

must show that the right to the writ is clear and indisputable; and (3) "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Karnoski v. Trump*, 926 F.3d 1180, 1203 (9th Cir. 2019) (citing *Cheney v. U.S. District Court*, 542 U.S. 367, 380–81 (2004)).

Defendant has failed to show that he lacks alternative legal mechanisms to obtain the relief he requests. To the extent Defendant seeks redress for violations of his rights during his prosecution or at trial, Defendant may obtain relief through his pending appeal before the Ninth Circuit and if necessary may, after that time, pursue a § 2255 motion in this Court. And to the extent Defendant seeks injunctive or declaratory relief under the Administrative Procedures Act, he may bring an independent civil action by filing the appropriate legal pleadings, as described above. As such, Defendant has not identified relief to which he is clearly entitled that is inaccessible to him through alternative legal avenues, and a writ of mandamus is unwarranted.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's construed motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, **ECF No. 160**, is **DISMISSED WITHOUT PREJUDICE** to Defendant's refiling the motion after

conclusion of his appeal before the United States Court of Appeals for the Ninth Circuit, Case No. 20-30013.

2. Defendant's construed motion for entry of default judgment, **ECF No. 164**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to *pro se* Defendant.

**DATED** this 27th day of April 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DISMISSING DEFENDANT'S CONSTRUED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE WITHOUT PREJUDICE – 7